## Schearer v. Schearer

*Darlington Hoopes,* for libellant.

MAYS, J., January 31, 1945.—The master in this case states that there was a "lack of testimony that would properly corroborate the statements of the libellant and furnish sufficient proof of the act of adultery", and that therefore he cannot recommend that a divorce be granted on the ground of adultery.

A master's report is merely advisory to the court, which it may accept and act upon or disregard in whole or in part according to its own judgment as to the weight of the evidence or his legal conclusions: Brown v. Brown, 121 Pa. Superior Ct. 74.

The master relies on Osborne v. Osborne, 37 Berks 43. That case is not controlling because there was there a lack of corroboration of the confession, while in the instant case the evidence discloses that respondent and corespondent had time, place, and opportunity to commit the sexual act. It appears that respondent and the corespondent registered as man and wife at the Americus Hotel in Allentown. Not only is this made to appear from the registry card, but by the testimony of Norman Lucas. He stated that respondent admitted that he spent the week-end with the corespondent at the Americus Hotel in Allentown on the 5th and 6th of August. In addition, the testimony of Lucas shows that the respondent and corespondent, upon a number

of occasions, about midnight, were seen together in respondent's automobile.

No good purpose would be served by discussing the evidence at any great length. There is sufficient in the record to satisfy us of his intimacy not only with the corespondent but with other women whose names have not been made to appear.

We say, as did Stadtfeld, J., in Brown v. Brown, supra, at p. 79, "If these things are to be construed as innocent, our credulity would be taxed to the utmost."

A careful reading of the testimony has led us to the conclusion that respondent committed adultery with the corespondent. The master's report discloses that a notice of time and place of hearing was mailed to the corespondent at her address, Womelsdorf, Pa. The return receipt shows that it was received by someone other than the corespondent, being signed by Edna S. Haak. While it is true that the Act of May 25, 1933, P. L. 1020, sec. 1, provides that "the libellant shall cause to be served personally, or by registered mail addressed to the last known post office address, a notice on any corespondent named . . ." and further that a "notice sent by registered mail, addressed to the last known post office address of the corespondent, shall be equivalent to personal service of the notice," we think it goes without saying that the court should, before filing a decree prohibiting respondent from marrying the corespondent, make certain that the corespondent actually received notice, if it be a fact, as in the instant case, that the corespondent during all these proceedings was living within the county.

The words in the Act of 1933, supra, when stating that service can be made by registered mail addressed to the last known post office address, signify that the legislature must have intended that such service would be good and effectual if the corespondent has left the jurisdiction of the court. Our rule of court, sec. 140, while it does not mention specifically notice upon core-

spondent, does provide that notice shall be given by personal service, if possible, or if not, then by leaving it at the place of residence or by registered letter to the address where the master shall have reason to believe it shall most likely reach the party interested.

The Act of May 2, 1929, P. L. 1237, 23 PS §55, definitely provides that the court of common pleas, after hearing any cause, whether before the court or a master, shall determine the same as to law and justice shall appertain, by either dismissing the petition or libel, or sentencing and decreeing a divorce or separation from the nuptial ties or bonds of matrimony.

Accordingly we do now conclude that respondent offered indignities to the person of libellant as found by the master, and that respondent committed adultery with the named corespondent, Betty Schaum, and that libellant is entitled to have a decree entered divorcing her from the bonds of matrimony, the decree when finally entered to contain the prohibition that respondent shall not marry the corespondent, as prohibited by the Act of March 13, 1815, P. L. 150, 6 Sm. L. 286, 23 PS §92.

Because of the disposition made of this matter, we consider it to be incumbent upon us to give notice of this ruling not only to respondent but also to the corespondent.

And now, to wit, January 31, 1945, the court grants a rule upon respondent, Elmer L. Schearer, to show cause why a decree in divorce a. v. m. should not be entered against him in favor of libellant, which decree is to further provide that during the lifetime of the said Margaret I. Schearer, libellant, the said Elmer L. Schearer should not be permitted to marry Betty Schaum, proof having been given that the said Elmer L. Schearer had committed adultery with the said Betty Schaum. It is further ordered that a rule be entered upon the corespondent, Betty Schaum, to show cause why in said decree to be entered there should not be included the aforesaid prohibition as to marriage.